# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**GABRIEL RODRIGUEZ-AGUIRRE,**

    Petitioner,

**vs.**                                                                        Civ. No. 98-1195 LH/LCS

**UNITED STATES OF AMERICA,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Gabriel Rodriguez-Aguirre's Motion to Vacate, Set Aside and Correct Sentence, filed on October 1, 1998. The Petition raised twelve claims. The Court, having considered the pleadings, the record and the applicable law, proposes finding that claims one through ten of the Petition are barred and recommends that they be dismissed with prejudice. The Court finds that further briefing is necessary on claims eleven and twelve.

On March 30, 1995, Petitioner Gabriel Rodriguez-Aguirre was convicted of one count of possession with intent to distribute less than 50 kilograms of cocaine, two counts of possession with intent to distribute more than five kilograms of cocaine, three counts of possession with intent to distribute more than 100 lbs. of marijuana, five counts of money laundering and two counts of illicit investments. He was sentenced to 30 years imprisonment. His conviction was affirmed on appeal. *United States v. Rodriguez-Aguirre,* 108 F.3d 1228 (10th Cir. 1997). In his Petition, Rodriguez-Aguirre raises twelve claims, none of which were raised on appeal:

## Petitioner's claims

1. His conviction was obtained through bribed testimony;
2. His conviction was obtained through bribery, coercion and/or known use of false testimony by the trial judge;
3. He was deprived of substantive due process because the trial judge interfered with his plea-bargain negotiations;
4. His convictions were procured with evidence obtained in violation of the fourth amendment;
5. The prosecution and the trial judge concealed the fact that the star prosecution witness was convicted of a felony shortly before Petitioner's trial began;
6. The Government failed to disclose the arrest, jail and/or prison records of its witnesses;
7. He was sentenced under the Sentencing Guidelines for conduct which occured before November 1, 1987, the effective date of the Guidelines;
8. He was sentenced under the 1994 Guidelines for conduct which took place before the 1994 Guidelines took effect;
9. His sentence should have run concurrent with, rather than consecutive to, his 1991 conspiracy conviction;
10. The Court did not have subject matter jurisdiction over counts X, XVI and XXII.
11. He did not receive effective assistance of counsel at trial; and
12. He did not receive effective assistance of counsel on appeal.

The United States contends first that, because Rodriguez-Aguirre did not raise claims one through ten on his direct appeal, they are barred. *See Hines v. United States*, 971 F.2d 506, 509(10th Cir. 1992). Petitioner claims that the claims fall under exceptions to the procedural default rule. The Court does not find Petitioner's arguments persuasive. Accordingly, I recommend that claims one through ten be dismissed with prejudice.

Petitioner's eleventh claim is that his trial counsel was ineffective. He claims that counsel should have taken the following actions:

## Points a-k of Petitioner's eleventh claim

a. Move to suppress the evidence which was illegally obtained;
b. Argue in his motion to sever that the defense of a co-defendant would alert the jury to his Kansas conviction;
c. Present evidence of material alibis;
d. Move to dismiss Counts XI, XII, XIII, XIV and XXII for failure to prove the element of "affecting interstate commerce";
e. Object to lack of subject matter jurisdiction on counts X, XVI and XXII;
f. Object to the introduction of bad acts;
g. Challenge the government's discovery of an intact kilo of cocaine buried 12 feet underground in a property it had seized two years before;
h. Request limiting instructions on the use of co-defendants' guilty pleas;
i. Move to dismiss indictment on the grounds of outrageous governmental conduct from its exaggerated criminal bribes and purchase of false testimony;
j. Request that his sentence run concurrently with an undischarged term; and
k. Object to his sentence for conduct outside of the indictment as well as for conduct of others.

To establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's actions fell below an objective standard of reasonableness and that but for counsel's unprofessional errors, there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). The United States does not contend that Rodriguez-Aguirre's counsel's actions were reasonable. However, it argues that there is not a reasonable probability that the result would have been different even if Rodriguez-Aguirre's trial counsel had taken the actions described in points a - k of Petitioner's eleventh claim, because none of those positions had merit. In its answer, the United States contends that, "As the arguments show, Movant is not now, and never was, entitled to relief on the issues he has raised in this motion." Answer at 19. However, the United States' arguments in its answer addressed

only Rodriguez-Aguirre's first ten claims, not points a-k of his eleventh claim.[1] Accordingly, the Court construes its answer as a Motion to Dismiss, and will enter a separate Order setting a briefing schedule for that Motion.

Petitioner's twelfth and final claim is that his appellate counsel was ineffective because he failed to raise claims seven, eight, nine and ten on appeal. The United States does not directly address this claim in its answer; however, in its answer to claims seven through ten it contended that the claims were without merit. Accordingly, the Court interprets the United States' answer to Petitioner's twelfth claim as being similar to its answer to Petitioner's eleventh claim: that under the *Strickland* analysis, there is not a reasonable probability that his counsel's raising claims seven through ten on appeal would have made any difference in the outcome. The Court will treat that response as a Motion to Dismiss and will enter a separate Order setting a briefing schedule.

In summary, the Court proposes finding that claims one through ten are barred by procedural default, and recommends that those claims be dismissed with prejudice. The Court will enter a separate Order setting a briefing schedule for the United States' Motion to Dismiss Petitioner's eleventh and twelfth claims.

Within ten days after a party receives a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636 (b)(1), file written objections. A party must file its objections within ten days if it desires review; in they are not timely filed, neither the District Court nor the Court of Appeals will review the Magistrate

---

[1] It appears that claims four, nine and ten overlap with points a, e and j of Petitioner's eleventh claim.. However, the Court is unable to decide those claims based on the arguments in the pleadings, and so it will orer further briefing on points a through k of Petitioner's eleventh claim.

4

Judge's Proposed Findings and Recommended Disposition.

_____
**Leslie C. Smith**
**UNITED STATES MAGISTRATE JUDGE**